**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSENDO GONZALEZ** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | <u>**JURY**</u> |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

      Petitioner, State Farm Mutual Automobile Insurance Company, states in support of its Notice of Removal of the case originally filed with the 193rd Judicial District of Dallas County, Texas as follows:

### DIVERSITY FACTS

1.      On March 28, 2017, Plaintiff commenced a civil action against State Farm Mutual Automobile Insurance Company ("State Farm") alleging negligence, breach of contract, fraud, fraudulent inducement, tortious interference with prospective business relationships, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act ("DTPA") and tie-in statutes, violations of the Texas Insurance Code, and a claim of unjust enrichment.  Plaintiff also asserted the violations of the Texas Insurance Code and DTPA were committed knowingly and intentionally, entitling Plaintiff to additional damages.  Plaintiff's Original Petition, attached as Exhibit 1, was served by certified mail upon State Farm Mutual Automobile Insurance Company on

or about March 31, 2017.  Complete diversity exists for jurisdictional purposes between Plaintiff and

Defendant, and the amount in controversy is in excess of $75,000.00.

2.      On the date of the commencement of this action and continuing through now,

Defendant State Farm was and continues to be a mutual company organized under the laws of the

state of Illinois with its principal place of business in Illinois.  Consequently, Defendant State Farm

is not considered, as a matter of law, a resident of Texas, but rather is a resident and citizen of

Illinois.  Plaintiff is a citizen of Texas.

3.      State Farm asserts this action involves an amount in controversy in excess of Seventy-

Five Thousand Dollars ($75,000.00) exclusive of interest and costs as indicated in Plaintiff's Original

Petition, and it is between citizens of different states.  The cause is therefore removable based on

diversity of citizenship, pursuant to 28 U.S.C.A.  §§ 1332 and 1441, as between Plaintiff and State

Farm.

3.      This Notice of Removal is filed within thirty (30) days after receipt by State Farm

through service or otherwise, of a copy of Plaintiff's Original Petition (Ex. 1).

4.      State Farm affirmatively states the amount in controversy exceeds the diversity

requirement of $75,000.00, exclusive of interest and costs.  *See St. Paul Reinsurance Co., Ltd. v.*

*Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("in addition to policy limits and potential attorney's

fees, items to be considered in ascertaining the amount in controversy when the insurer could be

liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive

damages and just not interest or costs"). See also *Toney v. State Farm Lloyds*, __ Fed. Appx.__, 2016

WL 4784012 at n. 8 (5th Cir. 2016) (citing *Greenberg* with approval).  In his Original Petition,

Plaintiff seeks damages in the amount of $78,420.24 plus the recovery of attorney's fees, which

would obviously increase the amount of Plaintiff's recovery, if awarded, beyond the $78,420.24 sought in this action. The amount in controversy squarely puts this case within the jurisdictional minimum of this Court for diversity purposes. See *Pershing, L.L.C. v. Kiebach*, 819 F. 3d 179, 182 (5th Cir. 2016); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000).

5.      Written notice of the filing of this Notice will be given to all adverse parties as required by law.

6.      A true and correct copy of this Notice will be filed with the Clerk of the 193rd Judicial District Court, Dallas County, Texas, as provided by law.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company, prays it may effect the removal of this action from the 193rd Judicial District Court of Dallas County, Texas.

Respectfully submitted,

THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.

By: ___/s/___ Armando De Diego_____
ARMANDO DE DIEGO
State Bar No. 05635400
Email: adediego@dediego.com

HARVEY G. JOSEPH
State Bar No. 11027850
Email: hjoseph@dediego.com

1201 W. Griffin Street
Dallas, Texas 75215-1030
Telephone:     (214) 426-1220
Facsimile:     (214) 426-1246

ATTORNEYS FOR STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this, the 27th day of April, 2017, the foregoing document was electronically submitted to the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to the following individual who has consented in writing to accept this Notice as service of this document by electronic means:

Mr. Paul K. Stafford         _____ Via ECF
Ms. Sydne K. Collier        _____ Via Certified Mail, RRE
**STAFFORD BARROW, PLLC**    ✔ Via Facsimile
400 N. St. Paul St., Suite 1100     _____ Via Regular Mail
Dallas, Texas 75201

_____/s/_____ Armando De Diego_____
ARMANDO DE DIEGO

# Exhibit 1

FILED
DALLAS COUNTY
Case 3:17-cv-01119-G   Document 1   Filed 04/27/17   Page 6 of 34   PageID 6   3/28/2017 3:27:26 PM
FELICIA PITRE
DISTRICT CLERK

1 CT-E-SERVE

Cause No. <u>DC-17-03661</u>

| | | |
|---|---|---|
| **ROSENDO GONZALEZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant* | § | **DALLAS  COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff ROSENDO GONZALEZ ("GONZALEZ" or "Plaintiff") and files this *Plaintiff's Original Petition* complaining of Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM") and for cause of action against this Defendant would show:

### I.   SUMMARY

Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm"). On February 26, 2016, a 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) (hereinafter, the "Truck"), which was a covered vehicle pursuant to the Policy, was stolen from 15201 Dallas Parkway, Addison, Texas 75001 (hereinafter, the "February Theft"). The February Theft was promptly reported to the Addison Police Department. (Report: 16-1016; Officer Gandy #245; 972-450-7156). The February Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43823G088), and one or more claims representatives, including Georgina Avila (972-907-6222; 855-341-8184; 855-259-8568) and Tony Cooks (253-439-4944; 800-331-1169). The Truck was eventually recovered, prior to March 11, 2016, and

Rosendo Gonzalez reported property damage and loss. The property damage and loss
was not paid prior to March 11, 2016. On the evening of March 11, 2016 or early
morning hours of March 12, 2016, the same 2003 Dodge Ram 2500 pickup truck (license
plate #9CMZ12; VIN # 3D7KA28C13G819332), which was a covered vehicle pursuant
to the Policy, was stolen from Rosendo Gonzalez's home at 524 Fairview Drive,
Richardson, Texas 75081 (hereinafter, the "March Theft"). The March Theft was
reported to the Richardson Police Department. (Incident: 201600027121; Officer
Fourrier #1212; Detective Scott Ulrick #1206; 972-744-4904). The March Theft was also
promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a
claim number (#43830X854), and one or more claims representatives, including Linda
Caballero (855-341-8184) and Tony Cooks (253-439-4944; 800-331-1169 ext). To date,
the Truck has not been recovered following the March Theft. State Farm (Tony Cooks)
originally accused Rosendo Gonzalez of perpetrating the March Theft (stealing his own
Truck); however, according to Richardson Police Department Detective Ulrick, Rosendo
Gonzalez is not a suspect in the March Theft of the Truck, and did not steal his own
Truck. The market value of the Truck at the time of the theft was approximately
$19,000. The estimated actual cash value of the Truck at the time of the theft was
approximately $18,300. Subsequent to the March Theft, State Farm issued checks in the
amounts of $1,609.83 and $3,200.00 as indemnity for the February Theft. The February
Theft Payments are a misrepresentation of the compensation and indemnity owed by
State Farm to Rosendo Gonzalez, are far less than the value of the lost or damages
property incurred by Rosendo Gonzalez, and were not promptly paid to Rosendo
Gonzalez. The March Theft Payment offered by State Farm as compensation for the

occurrence is a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than both the Market Value of the Truck. In addition, Rosendo Gonzalez incurred other necessary expenses as a result of the February Theft, including, but not limited to, car rental expenses. As of the date of the May 2016 Demand Letter from Rosendo Gonzalez to State Farm, State Farm did not promptly pay, has not promptly paid, and has not paid the full value of the compensation and indemnity owed to its policyholder Rosendo Gonzalez for the February Theft or for the March Theft. State Farm owes Rosendo Gonzalez an amount to compensate and indemnify Rosendo Gonzalez for the lost or damaged property resulting from the February Theft (approximately $7,500) as well as the rental car expenses that resulted from the February Theft (at least $640.08), as well as the fair Market Value (approximately $19,000) or the accurate Actual Cash Value (approximately $18,300) resulting from the March Theft, for a total sum owing by State Farm to Rosendo Gonzalez of at least **$26,140.08**. The acts, omissions, and continued failure or refusal of State Farm, by and through its representatives, to issue proper payment constitutes, but is not limited to, negligence, fraud, fraud in the inducement, and breach of contract. State Farm's acts, omissions, and representations were knowingly and intentionally false when made, were intended to deceive or to be relied upon by Rosendo Gonzalez, are deceptive to Rosendo Gonzalez as consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act (Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to the Chapter 541 of the Texas Insurance Code, and are a violation of the prompt payment statute pursuant to Chapter 542 of the Texas Insurance Code. Accordingly, Rosendo Gonzalez is entitled to, and does now seek, punitive and treble damages from State Far **in**

**the amount of $78,420.24 payable to "Rosendo Gonzalez" and any applicable lienholder to the Truck,** in addition to pre-judgment interest, costs, attorney's fees, injunctive relief, and any and all additional relief to which he is justly entitled.

## II.   DISCOVERY CONTROL PLAN

Plaintiff GONZALEZ intends to conduct discovery pursuant to Level 1, as described by Texas Rule of Civil Procedure 190.

### III. PARTIES AND SERVICE

1.    Plaintiff ROSENDO GONZALEZ, is an individual who resides in the State of Texas.

2.    Defendant STATE FARM  is a foreign (Illinois) corporation authorized to conduct business in the State of Texas, and conducting business in the State of Texas, having its principal place of business at One State Farm Plaza D2, Bloomington, Illinois 61710-0001.  STATE FARM can be served with process by serving its registered agent located at Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever STATE FARM may be found.

### IV.   JURISDICTION AND VENUE

4.    This Court has jurisdiction over this cause because the amount in controversy exceeds the minimum jurisdictional limits of the Court.  Defendant conducts business in Texas and is amenable to service of process in the state.  This court has

personal jurisdiction because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

5.      Venue is proper in this Court pursuant to Chapter 15 of the Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Dallas County, Texas. Furthermore, the contract at issue was performable, in whole or in part, in Dallas County, Texas.

## V.      CONDITIONS PRECEDENT

6.      All conditions precedent have been performed, have occurred, or have been excused.

## VI.      DEMAND FOR AN ACCOUNTING

7.      Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

8.      Plaintiff demands an accounting of any and all services performed by Defendant for the benefit of Plaintiff,, all financial transactions involving Defendant and Plaintiff, as well as any accounting ledgers, accounting books, and accounting or claims records of Defendant pertaining in any way to Plaintiff.

## VII.      FACTUAL BACKGROUND

9.      Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm").

10.     On February 26, 2016, a 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) (hereinafter, the "Truck"), which was a covered vehicle pursuant to the Policy, was stolen from Rosendo Gonzalez's workplace at 15201 Dallas Parkway, Addison, Texas 75001 (hereinafter, the "February Theft"). The February Theft was promptly reported to the Addison Police Department. (Report: 16-1016; Officer Gandy #245; 972-450-7156). The February Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43823G088), and one or more claims representatives, including Georgina Avila (972-907-6222; 855-341-8184; 855-259-8568) and Tony Cooks (253-439-4944; 800-331-1169).

11.     The Truck was eventually recovered, prior to March 11, 2016, and Rosendo Gonzalez reported the following property damage and loss, including but not limited to:

> *License Plate Off*
> *Fog Lights*
> *Brush Guard*
> *Winch*
> *Speakers inside*
> *Dash Broken*
> *Plastic under center*
> *Ignition Changed*
> *Wires cut under steering column*
> *Steering Column Changed*
> *Tools*
> *Jack 2 ton*
> *Lug nut wrench*
> *Manual for truck*
> *Jumper cables*
> *20" Rims and tires     (approximate value:   $2,100)*
> *took kit     (approximate value:   $200)*

12. Based upon non-aftermarket parts, accessories, and property of like kind and quality for a comparable vehicle, the value of the lost or damaged property resulting from the February Theft at the time of the theft was approximately $7,500.

13. On the evening of March 11, 2016 or early morning hours of March 12, 2016, the same 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332), which was a covered vehicle pursuant to the Policy, was stolen from Rosendo Gonzalez's home at 524 Fairview Drive, Richardson, Texas 75081 (hereinafter, the "March Theft"). The March Theft was reported to the Richardson Police Department. (Incident: 201600027121; Officer Fourrier #1212; Detective Scott Ulrick #1206; 972-744-4904). The March Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43830X854), and one or more claims representatives, including Linda Caballero (855-341-8184) and Tony Cooks (253-439-4944; 800-331-1169 ext).

14. To date, the Truck has not been recovered following the March Theft. State Farm (Tony Cooks) originally accused Rosendo Gonzalez of perpetrating the March Theft (stealing his own Truck); however, according to Richardson Police Department Detective Ulrick, Rosendo Gonzalez is not a suspect in the March Theft of the Truck and did not steal his own Truck.

15. Based upon vehicles of like kind and quality, and a comparison of comparable vehicle available for sale or purchase in the market, the estimated market value of the Truck at the time of the theft was approximately $19,000 (hereinafter, the "Market Value").

16.     Based upon vehicles of like kind and quality, and a comparison of the cost to repair the Truck, or to replace the Truck with a comparable vehicle in the market, the estimated actual cash value of the Truck at the time of the theft was approximately $18,300 (hereinafter, the "Actual Cash Value").

17.     Subsequent to the March Theft, State Farm issued the following checks as indemnity for the February Theft (hereinafter, the "February Theft Payments"), as follows:

> *Payment No:*          *1 08 146580 J*
> *Payment Amount:*      *$ 1,609.83*
> *Issue Date:*          *03-12-2016*
> *Authorized by: Georgina Avila*
> *Phone:*               *(855) 341-8184*
>
> *Payment No:*          *1 08 167720 J*
> *Payment Amount:*      *$ 3,200.00*
> *Issue Date:*          *03-28-2016*
> *Authorized by: Tony Cooks*
> *Phone:*               *800-331-1169*

18.     The February Theft Payments offered by State Farm as compensation for the occurrence (February Theft) are a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than the value of the lost or damages property incurred by Rosendo Gonzalez. In addition, the February Theft Payments (issued March 12, 2016 and March 28, 2016) were not promptly paid to Rosendo Gonzalez and were not issued until after the date of the March Theft (March 11, 2016).

19.     Regarding the March Theft, Rosendo Gonzalez received a letter from State Farm dated "April 18, 2016", stating, and offering the following amount in indemnity, as follows:

| | |
|---|---|
| *Actual Cash Value* | *$ 12,406.00* |
| *Plus: Taxes* | *$     775.38* |
| *License & Title Fees:* | *$       59.83* |
| *Registration Fee* | *$       24.50* |
| *Less: Deductible* | *$     100.00* |
| *Payment to Lienholder (if applicable)* | *$ Unknown* |
| *Total Net Payable to You:* | *$ 13,141.21* |

20.     The March Theft Payment offered by State Farm as compensation for the occurrence (March Theft) is a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than both the Market Value of the Truck (approximately $19,000) as well as the Actual Cash Value (approximately $18,300) of the Truck.

21.     In addition, Rosendo Gonzalez incurred other necessary expenses as a result of the February Theft, including, but not limited to, the following:

*Car Rental  2/29/16 – 4/12/16:*          *$640.08*

22.     As of the date of the March 2016 Demand Letter from Rosendo Gonzalez to State Farm, State Farm did not promptly pay, has not promptly paid, and has not paid the full value of the compensation and indemnity owed to its policyholder Rosendo Gonzalez for the February Theft or for the March Theft.  State Farm owes Rosendo Gonzalez an amount to compensate and indemnify Rosendo Gonzalez for the lost or damaged property resulting from the February Theft (approximately $7,500) as well as

the rental car expenses that resulted from the February Theft (at least $640.08), as well as the fair Market Value (approximately $19,000) or the accurate Actual Cash Value (approximately $18,300) resulting from the March Theft, for a total sum owing by State Farm to Rosendo Gonzalez of at least **$26,140.08**.

23.     The acts, omissions, and continued failure or refusal of State Farm, by and through its representatives, to issue proper payment constitutes, but is not limited to, negligence, fraud, fraud in the inducement, and breach of contract.  State Farm's acts, omissions, and representations were knowingly and intentionally false when made, were intended to deceive or to be relied upon by Rosendo Gonzalez, are deceptive to Rosendo Gonzalez as consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act (Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to the Chapter 541 of the Texas Insurance Code, and are a violation of the prompt payment statute pursuant to Chapter 542 of the Texas Insurance Code. Accordingly, Rosendo Gonzalez is entitled to, and does now seek, punitive and treble damages from State Far **in the amount of $78,420.24 payable to "Rosendo Gonzalez" and any applicable lienholder to the Truck**, in addition to pre-judgment interest, costs, attorney's fees, injunctive relief, and any and all additional relief to which he is justly entitled.

24.     The Affidavit of Rosendo Gonzalez ("GONZALEZ Affidavit") is attached hereto and fully incorporated by reference herein.

## VIII.   CAUSES OF ACTION

### Count I – Negligence

25.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

26.     Plaintiff complied with all duties and obligations pursuant to the Policy.

27.     After receiving all required and relevant information from GONZALEZ, and GONZALEZ's agents, Defendant STATE FARM breached its duties pursuant to the Policy by negligently failing or refusing to provide the insurance benefits as stated in the Policy and by failing to issue proper payment on the Policy, for which Plaintiff now sues.

### Count II – Breach of Contract

28.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

29.     Plaintiff complied with all duties and obligations pursuant to the Policy.

30.     Defendant STATE FARM breached the Policy by failing or refusing to provide the insurance benefits as stated in the Policy. STATE FARM also breached the Policy by failing to issue proper payment on the Policy, for which Plaintiff now sues.

### Count III – Fraud

31.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

32.    Defendant misrepresented the Policy by making an untrue statement of material fact.    Specifically, Defendant stated that STATE FARM would provide insurance benefits to Plaintiff; however, Defendant failed or refused to provide insurance benefits and insurance proceeds to Plaintiff.

33.    Defendant failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made.    Specifically, among other acts and omissions, Defendant failed to state that Defendant STATE FARM would accept Plaintiff's premiums on the Policy, but had and has no intention of providing insurance benefits to Plaintiff or paying Plaintiff the insurance proceeds pursuant to the Policy.

34.    Defendant made the statements described above in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact. Specifically, based upon the Defendant's representations, Plaintiff concluded that Defendant STATE FARM would not breach the contract, intended to perform under the Policy, and would perform under the Policy.

35.    Defendant made a material misstatement of law concerning Defendant's duty to Plaintiff under the Policy.    Specifically, contrary to basic contract law and tort law, Defendant has stated that Plaintiff is not entitled to damages pursuant to Defendant's breach of the Policy, at law, or in equity, and has failed or refused to abide by the Policy based upon this material misstatement of contract law and tort law.

36.    Each of the Defendant's representations described above were and are false.

37.     Defendant knew the representations were false when made, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

38.     Defendant made the representations with the intent that Plaintiff would act upon them, and Plaintiff did act upon them.

39.     Plaintiff relied on Defendant's misrepresentations.

40.     Defendant's wrongful conduct describe above caused injury and damages to Plaintiff, for which Plaintiff now sues.  Further, Plaintiff is entitled to exemplary damages as a result of Defendant's fraudulent conduct.

**Count IV - Fraudulent Inducement**

41.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

42.     Defendant concealed such facts from Plaintiff and made false representations to Plaintiff to induce them to enter into the Policy. Specifically, among other acts and omissions, Defendant failed to state that Defendant STATE FARM intended to accept Plaintiff's premiums on the Policy, but had and has no intention of providing insurance benefits to Plaintiff or paying Plaintiff the insurance proceeds pursuant to the Policy.  More specifically, Defendant failed to state that Defendant STATE FARM would not breach the contract, intended to perform under the Policy, and would perform under the Policy.

43.     Defendant knew the representations were false when made, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

44.     Plaintiff relied on Defendant's misrepresentations in entering into the Policy.

45.     Defendant's wrongful conduct as described above caused injury and damages to Plaintiff, for which Plaintiff now sues.   Further, Plaintiff is entitled to exemplary damages as a result of Defendant's fraudulent conduct.

### Count V – Tortious Interference with Prospective Business Relationships

46.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

47.     Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm").

48.     Plaintiffs complied with all duties and obligations pursuant to the Policy.

49.     Defendant breached the Policy by failing or refusing to provide insurance benefits and insurance proceeds as stated in the Policy.

50.     Defendant misrepresented the Policy by making one or more untrue statement of material fact.   Specifically, Defendant stated that STATE FARM would provide insurance benefits and insurance proceeds to Plaintiff, and Defendant has failed to do so.

51.     Defendant failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made.   Specifically, among other acts and omissions, Defendant failed to state that Defendant STATE FARM intended to accept Plaintiff's premiums on the Policy, but has no intention of providing insurance benefits to Plaintiff or

paying Plaintiff the insurance proceeds pursuant to the Policy. More specifically, Defendant failed to state that Defendant STATE FARM would not breach the contract, intended to perform under the Policy, and would perform under the Policy.

52.     Plaintiff relied on Defendant's misrepresentations in entering into the Policy.

53.     If not for Defendant's acts or omissions, there was a reasonable probability that Plaintiff would have entered into an insurance business relationship with a third-person or with another entity. *See T & T Geotechnical, Inc. v. Union Pacific Resources Co.*, 944 F.Supp. 1317 (N.D.Tex 1996).

54.     The acts and omissions of Defendant have intentionally interfered with one or more of Plaintiff's prospective business relationships. In addition, the acts and omissions of Defendant have damaged the reputation of Plaintiff in the insurance business and have damaged, dissolved, and prevented Plaintiffs' prospective business relationships.

55.     Defendant's conduct was independently tortious or unlawful, and the Defendant's interference proximately caused Plaintiff's injury and damages, for which Plaintiff now sues.

### Count VI - Breach of Duty of Good Faith and Fair Dealing

56.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

57.     Defendant owed Plaintiff a duty of good faith and fair dealing, which required Defendant to perform its duties and obligations under the Policy in a reasonable

and timely manner. Defendant breached its duty to Plaintiff by failing or refusing to provide the insurance benefits as stated in the Policy. STATE FARM also breached the Policy by failing to issue proper payment on the Policy, for which Plaintiff now sues.

58. Defendant's actions were wanton, reckless, malicious and/or intentional in disregard to Plaintiff's rights under the Policy.

59. As a result of Defendant's actions, Plaintiff suffered economic damages and mental anguish damages, or other amount to be determined by the trier of fact, for which damages Plaintiff now sue. As a further result of Defendant's actions, Plaintiff is entitled to recover exemplary damages as found by the trier of fact.

### Count VII - Violation of Texas Deceptive Trade Practices Act

60. Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

61. By the conduct described above, Defendant engaged in unfair and deceptive acts or practices by:

62. Misrepresenting the Policy by:

(a) making an untrue statement of material fact;

(b) failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(c) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact; or

(d)     making a material misstatement of law.

63.     Defendant knowingly engaged in a course of conduct designed to conceal its obligations under the Policy and under Texas law and to delay and avoid paying all amounts it legally is responsible to pay.

64.     Plaintiff has sustained damages as a result of Defendant's unlawful conduct for which Plaintiff now sues. Plaintiff is entitled to all the relief contained in the Texas Business & Commerce Code and the Texas Insurance Code, including, but not limited to, economic damages, mental anguish damages, injunctive relief, statutory relief, attorney's fees, interest, costs, treble damages, and any other relief the court deems appropriate.

## Count VIII - Declaratory Judgment

65.     Plaintiff alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

66.     Plaintiff is an interested party under the Policy, whose rights, status, and legal relations are affected by the Policy. This Court has authority to grant any other relief that it deems proper.

67.     In order for others to avoid what has happened to Plaintiff, Plaintiff asks this Court to declare that Defendant engaged in unfair and deceptive acts or practices by:

68.     Misrepresenting the Policy by:

(a)     making an untrue statement of material fact;

(b)      failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statement were made;

(c)      making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; or,

(d)      making a material misstatement of law.

69.      Defendant knowingly engaged in a course of conduct designed to conceal its obligations under the Policy under Texas law and to delay and avoid paying all amounts it legally is responsible to pay, for which Plaintiff now seeks relief.

## Count IX - Unjust Enrichment

70.      Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

71.      Alternatively, by engaging in an unlawful course of conduct, Defendant obtained a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage. Defendant, therefore, wrongfully secured or passively received a benefit from Plaintiff. It would be unconscionable for Defendant to retain the proceeds of its unlawful conduct. Plaintiff hereby seeks restitution and disgorgement of all proceeds that Defendant have unlawfully obtained, in an amount to be determined by the trier of fact.

## IX. **APPLICATION FOR TEMPORARY RESTRAINING ORDER**

72.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

73.     Plaintiff's application for a temporary restraining order is authorized by Texas Rule of Civil Procedure Rule 680 et seq., by which Plaintiff seeks to enforce its right to enforce the Policy.

74.     Plaintiff requests a temporary restraining order that maintains the status quo until a hearing on a temporary injunction can be held. Specifically, Plaintiff requests that the Court enjoin Defendant from Defendant's continuing breach of the Policy and enjoin Defendant from unilaterally terminating Plaintiff's membership and rights under the Policy until a hearing on Plaintiff's application for a temporary injunction can be heard. In addition, Plaintiff requests that this Court enjoin Defendant from forfeiting or threatening to forfeit to the State the amount of the indemnity payments rightfully due and owing pursuant to the Policy. Furthermore, Plaintiff requests that this Court enjoy the Defendant from asserting, articulating through publication, or alleging that GONZALEZ was in any way responsible for the February Theft or the March Theft of the Truck.

75.     As described above, Defendant's acts and omissions will continue to cause immediate and irreparable injury to Plaintiff. Without an injunction prohibiting Defendant's acts and omissions, Plaintiff will continue to be deprived of the benefit of its bargain with Defendant and will continue to be deprived of the insurance benefits and insurance proceeds for which Plaintiff bargained to receive from Defendant.

76.     The harm identified above herein cannot be adequately remedied by money damages because of, among other things, the difficulty of ascertaining the amount of such damages. Thus, there exists no adequate remedy at law and Plaintiff is entitled to injunctive relief. Further, the damage from Plaintiff failing to receive the benefit of the bargain, as well as the loss of opportunity to make other bargains or pursue other business relationships, far outweighs any harm to Defendant that could result from issuance of a temporary restraining order.

77.     The harm to Plaintiff is imminent. The ability of Plaintiff to secure an insurance contract or Policy with one or more insurance companies has been greatly diminished and is virtually non-existent. To the extent that the ability to secure an insurance contract or Policy is existent, it is cost prohibitive to Plaintiff due to Defendant's false allegations against Plaintiff. Accordingly, Plaintiff's rights pursuant to the Policy and at law and in equity would be further jeopardized or forfeited without Court intervention. Thus, immediate injunctive relief is required to prevent this imminent harm.

78.     Plaintiff have a highly probable right to the relief it seeks on final hearing because Plaintiff has complied with Plaintiff's duties pursuant to the Policy. Defendant has breached the Policy and committed various torts through Defendant's acts and omissions.

79.     Although Plaintiff respectfully requests that the requirement of a bond be waived, if the Court deems it appropriate, Plaintiff is willing to post a reasonable cash bond or post sufficient business property in lieu of a cash bond.

80.     Because the harm to Plaintiff is imminent, there may be insufficient time for Plaintiff to serve notice of this application on Defendant before the hearing; however, Plaintiff will make reasonable attempts to contact Defendant to notify Defendant of this application and the hearing on the injunctive relief sought herein.

## X.     REQUEST FOR TEMPORARY INJUNCTION

81.     Plaintiff realleges and incorporates the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

82.     Plaintiff additionally requests that the Court grant a temporary injunction upon the expiration of the temporary restraining order to maintain the status quo until a trial can be held on Plaintiff's request for a permanent injunction. Specifically, Plaintiff requests a temporary injunction maintaining the status quo and prohibiting Defendant continuing to breach the Policy, until a full trial on the merits of Plaintiff's application for a permanent injunction can be held.

83.     Plaintiff requests this Court to set its application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendant.

84.     Plaintiff has joined all indispensable parties pursuant to Texas Rule of Civil Procedure 39.

## XI.     REQUEST FOR PERMANENT INJUNCTION

85.     Plaintiff realleges and incorporates the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

86. Plaintiff additionally requests that the Court set its application for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendant. Specifically, Plaintiff requests a permanent injunction maintaining the status quo and prohibiting Defendant from terminating the Policy and continuing to breach the Policy.

## XII.  DAMAGES

87. Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

88. Plaintiff demands payment of at least **$78,420.24** from Defendant. The acts, omissions, and continued failure or refusal of STATE FARM, by and through its representatives, to issue proper payment constitutes, but is not limited to, negligence, fraud, fraud in the inducement, and breach of contract. STATE FARM's acts, omissions, and representations were knowingly and intentionally false when made, were intended to deceive or to be relied upon by GONZALEZ, and are deceptive to GONZALEZ as consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act (Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to the Chapter 541, Texas Insurance Code, and a violation of the prompt payment statute pursuant to Chapter 542, Texas Insurance Code.

89. Further, due to Defendants' acts and omissions, Plaintiff has incurred reasonable and necessary legal expenses and costs associated with pursuing this action in the amount of at least $15,000, for which Plaintiff now sues.

90.     Further, in accordance with the foregoing causes of action, and based upon the Defendant's conduct and deceptive trade practices described above, Plaintiff seeks treble damages pursuant to the Texas Business & Commerce Code and the Texas Insurance Code.

## XIII. ATTORNEY'S FEES, COSTS, AND EXPENSES

91.     Pursuant to Texas Civil Practice & Remedies Code § 38.001, and other applicable authorities under Texas law, Plaintiff seeks reasonable and necessary attorney' fees, expert witness fees, and costs.

## XIV.  JURY DEMAND

92,     In accordance with Texas Rules of Civil Procedure Rule 216, Plaintiff hereby requests trial by jury on all counts herein and requests that this jury trial be set on the Court's Jury Docket.

## XV. DISCOVERY FILED WITH PETITION

93.     Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Plaintiff in the above-styled and numbered cause, serves upon Defendant this Request for Disclosure. Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure. The Response shall be served upon counsel for Plaintiff.

## XVI.  PRAYER

Plaintiff respectfully request that the Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff against Defendant for compensatory damages, consequential damages, exemplary damages, treble damages, declaratory relief, statutory damages, and attorneys' fees, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief as the Court may deem appropriate.

Furthermore, Plaintiff prays that the Court (i) award Plaintiff actual damages, punitive damages, attorney's fees and expenses incurred and to be incurred in the prosecution of this suit; (ii) tax the costs of the suit and proceedings against Defendant; and (iii) award Plaintiff such other and further relief to which it may show itself justly entitled at law or in equity.

Respectfully submitted,

**STAFFORD BARROW, PLLC**

*/s/ Paul K. Stafford*

**PAUL K. STAFFORD**
**STATE BAR NO. 00791716**
**SYDNE K. COLLIER**
**STATE BAR NO. 24089017**

400 N. St. Paul St., Suite 1100
Dallas, Texas 75201
(214) 420-1029
(214) 206-9445 – FAX
pstafford@staffordbarrow.com
scollier@staffordbarrow.com

**ATTORNEY FOR PLAINTIFF**
**ROSENDO GONZALEZ**

# AFFIDAVIT OF ROSENDO GONZALEZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this the 28th day of March, 2017 personally appeared ROSENDO GONZALEZ, known to me to be the person whose name is subscribed below, and after being duly sworn, stated upon her oath:

1.   My name is ROSENDO GONZALEZ.

2.   I am over 18 years of age, and I have never been convicted of a felony or a crime of moral turpitude in this state or any other state.

3.   I am authorized to make this statement and have personal knowledge of the fact stated herein.

4.   Each and every statement contained herein is true and correct, and I am fully competent to make this affidavit.

5.   Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm").

6.   On February 26, 2016, a 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) (hereinafter, the "Truck") was stolen from 15201 Dallas Parkway, Addison, Texas 75001 (hereinafter, the "February Theft"). The February Theft was promptly reported to the Addison Police Department. (Report: 16-1016; Officer Gandy #245; 972-450-7156). The February Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43823G088), and one or more claims representatives, including Georgina Avila (972-907-6222; 855-341-8184; 855-259-8568) and Tony Cooks (253-439-4944; 800-331-1169).

7.   The Truck was eventually recovered, prior to March 11, 2016, and Rosendo Gonzalez reported the following property damage and loss, including but not limited to:

*License Plate Off*
*Fog Lights*
*Brush Guard*
*Winch*
*Speakers inside*
*Dash Broken*
*Plastic under center*
*Ignition Changed*
*Wires cut under steering column*
*Steering Column Changed*
*Tools*
*Jack 2 ton*
*Lug nut wrench*
*Manual for truck*
*Jumper cables*
*20" Rims and tires*    *(approximate value:    $2,100)*
*took kit*              *(approximate value:    $200)*

8.    Based upon non-aftermarket parts, accessories, and property of like kind and quality for a comparable vehicle, the value of the lost or damaged property resulting from the February Theft at the time of the theft was approximately $7,500.

9.    On the evening of March 11, 2016 or early morning hours of March 12, 2016, the same 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) was stolen from 524 Fairview Drive, Richardson, Texas 75081 (hereinafter, the "March Theft"). The March Theft was reported to the Richardson Police Department. (Incident: 201600027121; Officer Fourrier #1212; Detective Scott Ulrick #1206; 972-744-4904). The March Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43830X854), and one or more claims representatives, including Linda Caballero (855-341-8184) and Tony Cooks (253-439-4944; 800-331-1169 ext).

10.   To date, the Truck has not been recovered following the March Theft.  According to Richardson Police Department Detective Ulrick, Rosendo Gonzalez is not a suspect in the March Theft of the Truck.

11.   Based upon vehicles of like kind and quality, and a comparison of comparable vehicle available for sale or purchase in the market, the estimated market value of the Truck at the time of the theft was approximately $19,000 (hereinafter, the "Market Value").

12.     Based upon vehicles of like kind and quality, and a comparison of
        the cost to repair the Truck, or to replace the Truck with a
        comparable vehicle in the market, the estimated actual cash value
        of the Truck at the time of the theft was approximately $18,300
        (hereinafter, the "Actual Cash Value").

13.     Subsequent to the March Theft, State Farm issued the following
        checks as indemnity for the February Theft (hereinafter, the
        "February Theft Payments"), as follows:

        *Payment No:*          *1 08 146580 J*
        *Payment Amount:*      *$ 1,609.83*
        *Issue Date:*          *03-12-2016*
        *Authorized by:*       *Georgina Avila*
        *Phone:*               *(855) 341-8184*

        *Payment No:*          *1 08 167720 J*
        *Payment Amount:*      *$ 3,200.00*
        *Issue Date:*          *03-28-2016*
        *Authorized by:*       *Tony Cooks*
        *Phone:*               *800-331-1169*

14.     The February Theft Payments offered by State Farm as
        compensation for the occurrence (February Theft) are a
        misrepresentation of the compensation and indemnity owed by
        State Farm to Rosendo Gonzalez, and is far less than the value of
        the lost or damages property incurred by Rosendo Gonzalez.  In
        addition, the February Theft Payments (issued March 12, 2016 and
        March 28, 2016) were not promptly paid to Rosendo Gonzalez and
        were not issued until after the date of the March Theft (March 11,
        2016).

15.     Regarding the March Theft, Rosendo Gonzalez received a letter
        from State Farm dated "April 18, 2016", stating, and offering the
        following amount in indemnity, as follows:

        *Actual Cash Value*                      *$ 12,406.00*
        *Plus: Taxes*                        *$    775.38*
        *License & Title Fees:*              *$     59.83*
        *Registration Fee*                   *$     24.50*
        *Less: Deductible*                   *$    100.00*
        *Payment to Lienholder (if applicable) $ Unknown*

*Total Net Payable to You:*        $ 13,141.21

16.    The March Theft Payment offered by State Farm as compensation for the occurrence (March Theft) is a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than both the Market Value of the Truck (approximately $19,000) as well as the Actual Cash Value (approximately $18,300) of the Truck.

17.    In addition, Rosendo Gonzalez incurred other necessary expenses as a result of the February Theft, including, but not limited to, the following:

*Car Rental 2/29/16 – 4/12/16:*        $640.08

18.    As of the date of the May 2016 Demand Letter from Rosendo Gonzalez to State Farm, State Farm did not promptly pay, has not promptly paid, and has not paid the full value of the compensation and indemnity owed to its policyholder Rosendo Gonzalez for the February Theft or for the March Theft. State Farm owes Rosendo Gonzalez an amount to compensate and indemnify Rosendo Gonzalez for the lost or damaged property resulting from the February Theft (approximately $7,500) as well as the rental car expenses that resulted from the February Theft (at least $640.08), as well as the fair Market Value (approximately $19,000) or the accurate Actual Cash Value (approximately $18,300) resulting from the March Theft, for a total sum owing by State Farm to Rosendo Gonzalez of at least **$26,140.08**.

19.    The acts, omissions, and continued failure or refusal of State Farm, by and through its representatives, to issue proper payment constitutes, but is not limited to, negligence, fraud, fraud in the inducement, and breach of contract. State Farm's acts, omissions, and representations were knowingly and intentionally false when made, were intended to deceive or to be relied upon by Rosendo Gonzalez, are deceptive to Rosendo Gonzalez as consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act (Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to the Chapter 541 of the Texas Insurance Code, and are a violation of the prompt payment statute pursuant to Chapter 542 of the Texas Insurance Code. Accordingly, Rosendo Gonzalez is entitled to, and does now seek, punitive and treble damages from State Far **in the amount of $78,420.24 payable to**

"Rosendo Gonzalez" and any applicable lienholder to the Truck, in addition to pre-judgment interest, costs, attorney's fees, injunctive relief, and any and all additional relief to which he is justly entitled.

20.     Further, due to Defendant's acts and omissions, ROSENDO GONZALEZ has incurred reasonable and necessary legal expenses and costs associated with pursuing this action, for which Plaintiffs now sue.

21.     I have read the foregoing *Plaintiff's Original Petition and Application for Injunctive Relief*, and the facts set forth in it are true and correct and are within my personal knowledge.


FURTHER AFFIANT SAYETH NOT.


ROSENDO GONZALEZ

SUBSCRIBED and SWORN to before me, the undersigned authority, on this the

28th day of March, 2017, to certify which witness my hand and seal of office.


Notary Public in and for the State of Texas

JANICE SEYDEL
NOTARY PUBLIC-STATE OF TEXAS
COMM. EXP. 04-19-2020
NOTARY ID 128960971