**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSENDO GONZALEZ** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | <u>**JURY**</u> |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |

## INDEX OF STATE COURT PLEADINGS

| | | |
|---|---|---|
| 1. | Case Details | as of 04/24/2017 |
| 2. | Plaintiff's Original Petition | 03/28/2017 |
| 3. | Citation | 03/29/2017 |
| 4. | Affidavit of Service | 04/10/2017 |
| 5. | Notice of Initial Dismissal Hearing | 04/13/2017 |
| 6. | Original Answer of Defendant State Farm Mutual Automobile Insurance Company | 04/21/2017 |

# Tab 1

## Case Information

DC-17-03661 | ROSENDO GONZALEZ vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

| | | |
|---|---|---|
| Case Number | Court | File Date |
| DC-17-03661 | 193rd District Court | 03/28/2017 |
| Case Type | Case Status | |
| CNTR CNSMR COM DEBT | OPEN | |

## Party

PLAINTIFF
GONZALEZ, ROSENDO

Active Attorneys ▾
Lead Attorney
STAFFORD, PAUL K
Retained

Work Phone
214-420-1029

Fax Phone
214-206-9445

DEFENDANT
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Address
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7th STREET, STE. 620
AUSTIN TX 78701-3218

Active Attorneys ▾

Lead Attorney
DE DIEGO, ARMANDO
Retained

Work Phone
214-426-1220

Fax Phone
214-426-1246

## Events and Hearings

03/28/2017 NEW CASE FILED (OCA) - CIVIL

03/28/2017 ORIGINAL PETITION ▾

Gonzalez, Rosendo v. State Farm - Original Petition[1].pdf

03/28/2017 ISSUE CITATION

03/29/2017 CITATION ISSUED ▾

DC-17-03661.pdf

03/29/2017 CITATION▾

Anticipated Server
OUT OF COUNTY

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
04/10/2017

04/10/2017 RETURN OF SERVICE ▾

AFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY EXEC 3/31

Comment
AFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY EXEC 3/31/17

04/21/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

Original Answer of Def. SFMAIC.pdf

Comment
(SUBMITTED)

07/06/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

193RD Initial Dismissal Notice

Judicial Officer
GINSBERG, CARL

Hearing Time
1:30 PM

## Financial

GONZALEZ, ROSENDO

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $295.00 |
| Total Payments and Credits | | | | $295.00 |
| 3/28/2017 | Transaction Assessment | | | $295.00 |
| 3/28/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 19781-2017-DCLK | GONZALEZ, ROSENDO | ($295.00) |

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $40.00 |
| Total Payments and Credits | | | | $40.00 |
| 4/21/2017 | Transaction Assessment | | | $40.00 |

Details                  Page 4 of 4

Case 3:17-cv-01119-G  Document 1-3  Filed 04/27/17  Page 6 of 46  PageID 43

| 4/21/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 25381-2017-DCLK | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | ($40.00) |

## Documents

Gonzalez, Rosendo v. State Farm - Original Petition[1].pdf

DC-17-03661.pdf

AFF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY EXEC 3/31

193RD Initial Dismissal Notice

Original Answer of Def. SFMAIC.pdf

**Tab 2**

FILED
DALLAS COUNTY
3/28/2017 3:27:26 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

1 CT-E SERVE Case 3:17-cv-01119-G   Document 1-3   Filed 04/27/17   Page 8 of 46   PageID 45

Cause No. DC-17-03661

| | | |
|---|---|---|
| **ROSENDO GONZALEZ** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | L-193RD  **JUDICIAL DISTRICT** |
| **STATE FARM MUTUAL** | § | |
| **AUTOMOBILE INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant* | § | **DALLAS  COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff ROSENDO GONZALEZ ("GONZALEZ" or "Plaintiff") and files this *Plaintiff's Original Petition* complaining of Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM") and for cause of action against this Defendant would show:

### I.   SUMMARY

Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm").  On February 26, 2016, a 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) (hereinafter, the "Truck"), which was a covered vehicle pursuant to the Policy, was stolen from 15201 Dallas Parkway, Addison, Texas 75001 (hereinafter, the "February Theft"). The February Theft was promptly reported to the Addison Police Department. (Report: 16-1016; Officer Gandy #245; 972-450-7156).  The February Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43823G088), and one or more claims representatives, including Georgina Avila (972-907-6222; 855-341-8184; 855-259-8568) and Tony Cooks (253-439-4944; 800-331-1169).  The Truck was eventually recovered, prior to March 11, 2016, and

Rosendo Gonzalez reported property damage and loss.  The property damage and loss

was not paid prior to March 11, 2016.  On the evening of March 11, 2016 or early

morning hours of March 12, 2016, the same 2003 Dodge Ram 2500 pickup truck (license

plate #9CMZ12; VIN # 3D7KA28C13G819332), which was a covered vehicle pursuant

to the Policy, was stolen from Rosendo Gonzalez's home at 524 Fairview Drive,

Richardson, Texas 75081 (hereinafter, the "March Theft").  The March Theft was

reported to the Richardson Police Department. (Incident:  201600027121; Officer

Fourrier #1212; Detective Scott Ulrick #1206; 972-744-4904). The March Theft was also

promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a

claim number (#43830X854), and one or more claims representatives, including Linda

Caballero (855-341-8184) and Tony Cooks (253-439-4944; 800-331-1169 ext).  To date,

the Truck has not been recovered following the March Theft.  State Farm (Tony Cooks)

originally accused Rosendo Gonzalez of perpetrating the March Theft (stealing his own

Truck); however, according to Richardson Police Department Detective Ulrick, Rosendo

Gonzalez is not a suspect in the March Theft of the Truck, and did not steal his own

Truck.  The market value of the Truck at the time of the theft was approximately

$19,000.  The estimated actual cash value of the Truck at the time of the theft was

approximately $18,300.  Subsequent to the March Theft, State Farm issued checks in the

amounts of $1,609.83 and $3,200.00 as indemnity for the February Theft.  The February

Theft Payments are a misrepresentation of the compensation and indemnity owed by

State Farm to Rosendo Gonzalez, are far less than the value of the lost or damages

property incurred by Rosendo Gonzalez, and were not promptly paid to Rosendo

Gonzalez.  The March Theft Payment offered by State Farm as compensation for the

occurrence is a misrepresentation of the compensation and indemnity owed by State Farm

to Rosendo Gonzalez, and is far less than both the Market Value of the Truck.  In

addition, Rosendo Gonzalez incurred other necessary expenses as a result of the February

Theft, including, but not limited to, car rental expenses.  As of the date of the May 2016

Demand Letter from Rosendo Gonzalez to State Farm, State Farm did not promptly pay,

has not promptly paid, and has not paid the full value of the compensation and indemnity

owed to its policyholder Rosendo Gonzalez for the February Theft or for the March

Theft.  State Farm owes Rosendo Gonzalez an amount to compensate and indemnify

Rosendo Gonzalez for the lost or damaged property resulting from the February Theft

(approximately $7,500) as well as the rental car expenses that resulted from the February

Theft (at least $640.08), as well as the fair Market Value (approximately $19,000) or the

accurate Actual Cash Value (approximately $18,300) resulting from the March Theft, for

a total sum owing by State Farm to Rosendo Gonzalez of at least **$26,140.08**.  The acts,

omissions, and continued failure or refusal of State Farm, by and through its

representatives, to issue proper payment constitutes, but is not limited to, negligence,

fraud, fraud in the inducement, and breach of contract.  State Farm's acts, omissions, and

representations were knowingly and intentionally false when made, were intended to

deceive or to be relied upon by Rosendo Gonzalez, are deceptive to Rosendo Gonzalez as

consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act

(Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to

the Chapter 541 of the Texas Insurance Code, and are a violation of the prompt payment

statute pursuant to Chapter 542 of the Texas Insurance Code.  Accordingly, Rosendo

Gonzalez is entitled to, and does now seek, punitive and treble damages from State Far **in**

**the amount of $78,420.24 payable to "Rosendo Gonzalez" and any applicable lienholder to the Truck**, in addition to pre-judgment interest, costs, attorney's fees, injunctive relief, and any and all additional relief to which he is justly entitled.


## II.      DISCOVERY CONTROL PLAN

Plaintiff GONZALEZ intends to conduct discovery pursuant to Level 1, as described by Texas Rule of Civil Procedure 190.

### III. PARTIES AND SERVICE

1.      Plaintiff ROSENDO GONZALEZ, is an individual who resides in the State of Texas.

2.      Defendant STATE FARM  is a foreign (Illinois) corporation authorized to conduct business in the State of Texas, and conducting business in the State of Texas, having its principal place of business at One State Farm Plaza D2, Bloomington, Illinois 61710-0001.  STATE FARM can be served with process by serving its registered agent located at Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or wherever STATE FARM may be found.


## IV.      JURISDICTION AND VENUE

4.      This Court has jurisdiction over this cause because the amount in controversy exceeds the minimum jurisdictional limits of the Court.  Defendant conducts business in Texas and is amenable to service of process in the state.  This court has

personal jurisdiction because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

5.      Venue is proper in this Court pursuant to Chapter 15 of the Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Dallas County, Texas. Furthermore, the contract at issue was performable, in whole or in part, in Dallas County, Texas.

## V.      CONDITIONS PRECEDENT

6.      All conditions precedent have been performed, have occurred, or have been excused.

## VI.      DEMAND FOR AN ACCOUNTING

7.      Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs.

8.      Plaintiff demands an accounting of any and all services performed by Defendant for the benefit of Plaintiff,, all financial transactions involving Defendant and Plaintiff, as well as any accounting ledgers, accounting books, and accounting or claims records of Defendant pertaining in any way to Plaintiff.

## VII.      FACTUAL BACKGROUND

9.      Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm").

10.     On February 26, 2016, a 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) (hereinafter, the "Truck"), which was a covered vehicle pursuant to the Policy, was stolen from Rosendo Gonzalez's workplace at 15201 Dallas Parkway, Addison, Texas 75001 (hereinafter, the "February Theft").  The February Theft was promptly reported to the Addison Police Department. (Report:  16-1016; Officer Gandy #245; 972-450-7156).  The February Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43823G088), and one or more claims representatives, including Georgina Avila (972-907-6222; 855-341-8184; 855-259-8568) and Tony Cooks (253-439-4944; 800-331-1169).

11.     The Truck was eventually recovered, prior to March 11, 2016, and Rosendo Gonzalez reported the following property damage and loss, including but not limited to:

> *License Plate Off*
> *Fog Lights*
> *Brush Guard*
> *Winch*
> *Speakers inside*
> *Dash Broken*
> *Plastic under center*
> *Ignition Changed*
> *Wires cut under steering column*
> *Steering Column Changed*
> *Tools*
> *Jack 2 ton*
> *Lug nut wrench*
> *Manual for truck*
> *Jumper cables*
> *20" Rims and tires     (approximate value:   $2,100)*
> *took kit          (approximate value:   $200)*

12.     Based upon non-aftermarket parts, accessories, and property of like kind and quality for a comparable vehicle, the value of the lost or damaged property resulting from the February Theft at the time of the theft was approximately $7,500.

13.     On the evening of March 11, 2016 or early morning hours of March 12, 2016, the same 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332), which was a covered vehicle pursuant to the Policy, was stolen from Rosendo Gonzalez's home at 524 Fairview Drive, Richardson, Texas 75081 (hereinafter, the "March Theft").   The March Theft was reported to the Richardson Police Department. (Incident:  201600027121; Officer Fourrier #1212; Detective Scott Ulrick #1206; 972-744-4904). The March Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43830X854), and one or more claims representatives, including Linda Caballero (855-341-8184) and Tony Cooks (253-439-4944; 800-331-1169 ext).

14.     To date, the Truck has not been recovered following the March Theft. State Farm (Tony Cooks) originally accused Rosendo Gonzalez of perpetrating the March Theft (stealing his own Truck); however, according to Richardson Police Department Detective Ulrick, Rosendo Gonzalez is not a suspect in the March Theft of the Truck and did not steal his own Truck.

15.     Based upon vehicles of like kind and quality, and a comparison of comparable vehicle available for sale or purchase in the market, the estimated market value of the Truck at the time of the theft was approximately $19,000 (hereinafter, the "Market Value").

16.    Based upon vehicles of like kind and quality, and a comparison of the cost to repair the Truck, or to replace the Truck with a comparable vehicle in the market, the estimated actual cash value of the Truck at the time of the theft was approximately $18,300 (hereinafter, the "Actual Cash Value").

17.    Subsequent to the March Theft, State Farm issued the following checks as indemnity for the February Theft (hereinafter, the "February Theft Payments"), as follows:

> *Payment No:*          *1 08 146580 J*
> *Payment Amount:*    *$ 1,609.83*
> *Issue Date:*           *03-12-2016*
> *Authorized by: Georgina Avila*
> *Phone:*               *(855) 341-8184*
>
> *Payment No:*          *1 08 167720 J*
> *Payment Amount:*    *$ 3,200.00*
> *Issue Date:*           *03-28-2016*
> *Authorized by: Tony Cooks*
> *Phone:*               *800-331-1169*

18.    The February Theft Payments offered by State Farm as compensation for the occurrence (February Theft) are a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than the value of the lost or damages property incurred by Rosendo Gonzalez.  In addition, the February Theft Payments (issued March 12, 2016 and March 28, 2016) were not promptly paid to Rosendo Gonzalez and were not issued until after the date of the March Theft (March 11, 2016).

19.     Regarding the March Theft, Rosendo Gonzalez received a letter from State Farm dated "April 18, 2016", stating, and offering the following amount in indemnity, as follows:

| | |
|---|---|
| *Actual Cash Value* | *$ 12,406.00* |
| *Plus: Taxes* | *$    775.38* |
| *License & Title Fees:* | *$     59.83* |
| *Registration Fee* | *$     24.50* |
| *Less: Deductible* | *$    100.00* |
| *Payment to Lienholder (if applicable)* | *$ Unknown* |
| | |
| *Total Net Payable to You:* | *$ 13,141.21* |

20.     The March Theft Payment offered by State Farm as compensation for the occurrence (March Theft) is a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than both the Market Value of the Truck (approximately $19,000) as well as the Actual Cash Value (approximately $18,300) of the Truck.

21.     In addition, Rosendo Gonzalez incurred other necessary expenses as a result of the February Theft, including, but not limited to, the following:

*Car Rental  2/29/16 – 4/12/16:*          *$640.08*

22.     As of the date of the March 2016 Demand Letter from Rosendo Gonzalez to State Farm, State Farm did not promptly pay, has not promptly paid, and has not paid the full value of the compensation and indemnity owed to its policyholder Rosendo Gonzalez for the February Theft or for the March Theft.  State Farm owes Rosendo Gonzalez an amount to compensate and indemnify Rosendo Gonzalez for the lost or damaged property resulting from the February Theft (approximately $7,500) as well as

the rental car expenses that resulted from the February Theft (at least $640.08), as well as the fair Market Value (approximately $19,000) or the accurate Actual Cash Value (approximately $18,300) resulting from the March Theft, for a total sum owing by State Farm to Rosendo Gonzalez of at least **$26,140.08**.

23.     The acts, omissions, and continued failure or refusal of State Farm, by and through its representatives, to issue proper payment constitutes, but is not limited to, negligence, fraud, fraud in the inducement, and breach of contract.  State Farm's acts, omissions, and representations were knowingly and intentionally false when made, were intended to deceive or to be relied upon by Rosendo Gonzalez, are deceptive to Rosendo Gonzalez as consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act (Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to the Chapter 541 of the Texas Insurance Code, and are a violation of the prompt payment statute pursuant to Chapter 542 of the Texas Insurance Code. Accordingly, Rosendo Gonzalez is entitled to, and does now seek, punitive and treble damages from State Far **in the amount of $78,420.24 payable to "Rosendo Gonzalez" and any applicable lienholder to the Truck**, in addition to pre-judgment interest, costs, attorney's fees, injunctive relief, and any and all additional relief to which he is justly entitled.

24.     The Affidavit of Rosendo Gonzalez ("GONZALEZ Affidavit") is attached hereto and fully incorporated by reference herein.

## VIII.   CAUSES OF ACTION

### Count I – Negligence

25.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

26.     Plaintiff complied with all duties and obligations pursuant to the Policy.

27.     After receiving all required and relevant information from GONZALEZ, and GONZALEZ's agents, Defendant STATE FARM breached its duties pursuant to the Policy by negligently failing or refusing to provide the insurance benefits as stated in the Policy and by failing to issue proper payment on the Policy, for which Plaintiff now sues.

### Count II – Breach of Contract

28.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

29.     Plaintiff complied with all duties and obligations pursuant to the Policy.

30.     Defendant STATE FARM breached the Policy by failing or refusing to provide the insurance benefits as stated in the Policy.  STATE FARM also breached the Policy by failing to issue proper payment on the Policy, for which Plaintiff now sues.

### Count III – Fraud

31.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

32.     Defendant misrepresented the Policy by making an untrue statement of material fact.   Specifically, Defendant stated that STATE FARM would provide insurance benefits to Plaintiff; however, Defendant failed or refused to provide insurance benefits and insurance proceeds to Plaintiff.

33.     Defendant failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made.   Specifically, among other acts and omissions, Defendant failed to state that Defendant STATE FARM would accept Plaintiff's premiums on the Policy, but had and has no intention of providing insurance benefits to Plaintiff or paying Plaintiff the insurance proceeds pursuant to the Policy.

34.     Defendant made the statements described above in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact. Specifically, based upon the Defendant's representations, Plaintiff concluded that Defendant STATE FARM would not breach the contract, intended to perform under the Policy, and would perform under the Policy.

35.     Defendant made a material misstatement of law concerning Defendant's duty to Plaintiff under the Policy.   Specifically, contrary to basic contract law and tort law, Defendant has stated that Plaintiff is not entitled to damages pursuant to Defendant's breach of the Policy, at law, or in equity, and has failed or refused to abide by the Policy based upon this material misstatement of contract law and tort law.

36.     Each of the Defendant's representations described above were and are false.

37.     Defendant knew the representations were false when made, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

38.     Defendant made the representations with the intent that Plaintiff would act upon them, and Plaintiff did act upon them.

39.     Plaintiff relied on Defendant's misrepresentations.

40.     Defendant's wrongful conduct describe above caused injury and damages to Plaintiff, for which Plaintiff now sues.  Further, Plaintiff is entitled to exemplary damages as a result of Defendant's fraudulent conduct.


**Count IV - Fraudulent Inducement**

41.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

42.     Defendant concealed such facts from Plaintiff and made false representations to Plaintiff to induce them to enter into the Policy. Specifically, among other acts and omissions, Defendant failed to state that Defendant STATE FARM intended to accept Plaintiff's premiums on the Policy, but had and has no intention of providing insurance benefits to Plaintiff or paying Plaintiff the insurance proceeds pursuant to the Policy.  More specifically, Defendant failed to state that Defendant STATE FARM would not breach the contract, intended to perform under the Policy, and would perform under the Policy.

43.     Defendant knew the representations were false when made, or made the representations recklessly, as a positive assertion, and without knowledge of their truth.

44.     Plaintiff relied on Defendant's misrepresentations in entering into the Policy.

45.     Defendant's wrongful conduct as described above caused injury and damages to Plaintiff, for which Plaintiff now sues.   Further, Plaintiff is entitled to exemplary damages as a result of Defendant's fraudulent conduct.

**Count V – Tortious Interference with Prospective Business Relationships**

46.     Plaintiff incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

47.     Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm").

48.     Plaintiffs complied with all duties and obligations pursuant to the Policy.

49.     Defendant breached the Policy by failing or refusing to provide insurance benefits and insurance proceeds as stated in the Policy.

50.     Defendant misrepresented the Policy by making one or more untrue statement of material fact.   Specifically, Defendant stated that STATE FARM would provide insurance benefits and insurance proceeds to Plaintiff, and Defendant has failed to do so.

51.     Defendant failed to state a material fact that is necessary to make other statements made not misleading, considering the circumstance under which the statements were made.   Specifically, among other acts and omissions, Defendant failed to state that Defendant STATE FARM intended to accept Plaintiff's premiums on the Policy, but has no intention of providing insurance benefits to Plaintiff or

paying Plaintiff the insurance proceeds pursuant to the Policy.  More specifically, Defendant failed to state that Defendant STATE FARM would not breach the contract, intended to perform under the Policy, and would perform under  the Policy.

52.    Plaintiff relied on Defendant's misrepresentations in entering into the Policy.

53.    If not for Defendant's acts or omissions, there was a reasonable probability that Plaintiff would have entered into an insurance business relationship with a third-person or with another entity. *See T & T Geotechnical, Inc. v. Union Pacific Resources Co.*, 944 F.Supp. 1317 (N.D.Tex 1996).

54.    The acts and omissions of Defendant have intentionally interfered with one or more of Plaintiff's prospective business relationships.  In addition, the acts and omissions of Defendant have damaged the reputation of Plaintiff in the insurance business and have damaged, dissolved, and prevented Plaintiffs' prospective business relationships.

55.    Defendant's conduct was independently tortious or unlawful, and the Defendant's interference proximately caused Plaintiff's injury and damages, for which Plaintiff now sues.


**Count VI - Breach of Duty of Good Faith and Fair Dealing**

56.    Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

57.    Defendant owed Plaintiff a duty of good faith and fair dealing, which required Defendant to perform its duties and obligations under the Policy in a reasonable

and timely manner.  Defendant breached its duty to Plaintiff by failing or refusing to provide the insurance benefits as stated in the Policy.  STATE FARM also breached the Policy by failing to issue proper payment on the Policy, for which Plaintiff now sues.

58.     Defendant's actions were wanton, reckless, malicious and/or intentional in disregard to Plaintiff's rights under the Policy.

59.     As a result of Defendant's actions, Plaintiff suffered economic damages and mental anguish damages, or other amount to be determined by the trier of fact, for which damages Plaintiff now sue.  As a further result of Defendant's actions, Plaintiff is entitled to recover exemplary damages as found by the trier of fact.

**Count VII - Violation of Texas Deceptive Trade Practices Act**

60.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

61.     By the conduct described above, Defendant engaged in unfair and deceptive acts or practices by:

62.     Misrepresenting the Policy by:

(a)     making an untrue statement of material fact;

(b)     failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(c)     making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of material fact; or

(d)      making a material misstatement of law.

63.      Defendant knowingly engaged in a course of conduct designed to conceal its obligations under the Policy and under Texas law and to delay and avoid paying all amounts it legally is responsible to pay.

64.      Plaintiff has sustained damages as a result of Defendant's unlawful conduct for which Plaintiff now sues.  Plaintiff is entitled to all the relief contained in the Texas Business & Commerce Code and the Texas Insurance Code, including, but not limited to, economic damages, mental anguish damages, injunctive relief, statutory relief, attorney's fees, interest, costs, treble damages, and any other relief the court deems appropriate.

**Count VIII - Declaratory Judgment**

65.      Plaintiff alleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

66.      Plaintiff is an interested party under the Policy, whose rights, status, and legal relations are affected by the Policy.  This Court has authority to grant any other relief that it deems proper.

67.      In order for others to avoid what has happened to Plaintiff, Plaintiff asks this Court to declare that Defendant engaged in unfair and deceptive acts or practices by:

68.      Misrepresenting the Policy by:

(a)      making an untrue statement of material fact;

(b)      failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statement were made;

(c)      making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; or,

(d)      making a material misstatement of law.

69.      Defendant knowingly engaged in a course of conduct designed to conceal its obligations under the Policy under Texas law and to delay and avoid paying all amounts it legally is responsible to pay, for which Plaintiff now seeks relief.

**Count IX - Unjust Enrichment**

70.      Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

71.      Alternatively, by engaging in an unlawful course of conduct, Defendant obtained a benefit from Plaintiff by fraud, duress, or the taking of an undue advantage. Defendant, therefore, wrongfully secured or passively received a benefit from Plaintiff. It would be unconscionable for Defendant to retain the proceeds of its unlawful conduct. Plaintiff hereby seeks restitution and disgorgement of all proceeds that Defendant have unlawfully obtained, in an amount to be determined by the trier of fact.

## IX.   **APPLICATION FOR TEMPORARY RESTRAINING ORDER**

72.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

73.     Plaintiff's application for a temporary restraining order is authorized by Texas Rule of Civil Procedure Rule 680 et seq., by which Plaintiff seeks to enforce its right to enforce the Policy.

74.     Plaintiff requests a temporary restraining order that maintains the status quo until a hearing on a temporary injunction can be held. Specifically, Plaintiff requests that the Court enjoin Defendant from Defendant's continuing breach of the Policy and enjoin Defendant from unilaterally terminating Plaintiff's membership and rights under the Policy until a hearing on Plaintiff's application for a temporary injunction can be heard.  In addition, Plaintiff requests that this Court enjoin Defendant from forfeiting or threatening to forfeit to the State the amount of the indemnity payments rightfully due and owing pursuant to the Policy.  Furthermore, Plaintiff requests that this Court enjoy the Defendant from asserting, articulating through publication, or alleging that GONZALEZ was in any way responsible for the February Theft or the March Theft of the Truck.

75.     As described above, Defendant's acts and omissions will continue to cause immediate and irreparable injury to Plaintiff.  Without an injunction prohibiting Defendant's acts and omissions, Plaintiff will continue to be deprived of the benefit of its bargain with Defendant and will continue to be deprived of the insurance benefits and insurance proceeds for which Plaintiff bargained to receive from Defendant.

76.     The harm identified above herein cannot be adequately remedied by money damages because of, among other things, the difficulty of ascertaining the amount of such damages.  Thus, there exists no adequate remedy at law and Plaintiff is entitled to injunctive relief.  Further, the damage from Plaintiff failing to receive the benefit of the bargain, as well as the loss of opportunity to make other bargains or pursue other business relationships, far outweighs any harm to Defendant that could result from issuance of a temporary restraining order.

77.     The harm to Plaintiff is imminent.  The ability of Plaintiff to secure an insurance contract or Policy with one or more insurance companies has been greatly diminished and is virtually non-existent.  To the extent that the ability to secure an insurance contract or Policy is existent, it is cost prohibitive to Plaintiff due to Defendant's false allegations against Plaintiff.  Accordingly, Plaintiff's rights pursuant to the Policy and at law and in equity would be further jeopardized or forfeited without Court intervention. Thus, immediate injunctive relief is required to prevent this imminent harm.

78.     Plaintiff have a highly probable right to the relief it seeks on final hearing because Plaintiff has complied with Plaintiff's duties pursuant to the Policy. Defendant has breached the Policy and committed various torts through Defendant's acts and omissions.

79.     Although Plaintiff respectfully requests that the requirement of a bond be waived, if the Court deems it appropriate, Plaintiff is willing to post a reasonable cash bond or post sufficient business property in lieu of a cash bond.

80.     Because the harm to Plaintiff is imminent, there may be insufficient time for Plaintiff to serve notice of this application on Defendant before the hearing; however, Plaintiff will make reasonable attempts to contact Defendant to notify Defendant of this application and the hearing on the injunctive relief sought herein.

## X.     REQUEST FOR TEMPORARY INJUNCTION

81.     Plaintiff realleges and incorporates the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

82.     Plaintiff additionally requests that the Court grant a temporary injunction upon the expiration of the temporary restraining order to maintain the status quo until a trial can be held on Plaintiff's request for a permanent injunction.  Specifically, Plaintiff requests a temporary injunction maintaining the status quo and prohibiting Defendant continuing to breach the Policy, until a full trial on the merits of Plaintiff's application for a permanent injunction can be held.

83.     Plaintiff requests this Court to set its application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendant.

84.     Plaintiff has joined all indispensable parties pursuant to Texas Rule of Civil Procedure 39.

## XI.     REQUEST FOR PERMANENT INJUNCTION

85.     Plaintiff realleges and incorporates the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

86.     Plaintiff additionally requests that the Court set its application for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendant.   Specifically, Plaintiff requests a permanent injunction maintaining the status quo and prohibiting Defendant from terminating the Policy and continuing to breach the Policy.

## XII.   DAMAGES

87.     Plaintiff realleges and incorporates by reference the facts and allegations contained in the foregoing paragraphs, as well as the GONZALEZ Affidavit.

88.     Plaintiff demands payment of at least **$78,420.24** from Defendant.   The acts, omissions, and continued failure or refusal of STATE FARM, by and through its representatives, to issue proper payment constitutes, but is not limited to, negligence, fraud, fraud in the inducement, and breach of contract.   STATE FARM's acts, omissions, and representations were knowingly and intentionally false when made, were intended to deceive or to be relied upon by GONZALEZ, and are deceptive to GONZALEZ as consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act (Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to the Chapter 541, Texas Insurance Code, and a violation of the prompt payment statute pursuant to Chapter 542, Texas Insurance Code.

89.     Further, due to Defendants' acts and omissions, Plaintiff has incurred reasonable and necessary legal expenses and costs associated with pursuing this action in the amount of at least $15,000, for which Plaintiff now sues.

90.     Further, in accordance with the foregoing causes of action, and based upon the Defendant's conduct and deceptive trade practices described above, Plaintiff seeks treble damages pursuant to the Texas Business & Commerce Code and the Texas Insurance Code.

## XIII.  ATTORNEY'S FEES, COSTS, AND EXPENSES

91.     Pursuant to Texas Civil Practice & Remedies Code § 38.001, and other applicable authorities under Texas law, Plaintiff seeks reasonable and necessary attorney' fees, expert witness fees, and costs.

## XIV.   JURY DEMAND

92,     In accordance with Texas Rules of Civil Procedure Rule 216, Plaintiff hereby requests trial by jury on all counts herein and requests that this jury trial be set on the Court's Jury Docket.

## XV.  DISCOVERY FILED WITH PETITION

93.     Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Plaintiff in the above-styled and numbered cause, serves upon Defendant this Request for Disclosure.  Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure.  The Response shall be served upon counsel for Plaintiff.

## XVI.   PRAYER

Plaintiff respectfully request that the Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff against Defendant for compensatory damages, consequential damages, exemplary damages, treble damages, declaratory relief, statutory damages, and attorneys' fees, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief as the Court may deem appropriate.

Furthermore, Plaintiff prays that the Court (i) award Plaintiff actual damages, punitive damages, attorney's fees and expenses incurred and to be incurred in the prosecution of this suit; (ii) tax the costs of the suit and proceedings against Defendant; and (iii) award Plaintiff such other and further relief to which it may show itself justly entitled at law or in equity.

Respectfully submitted,

**STAFFORD BARROW, PLLC**

*/s/ Paul K. Stafford*

**PAUL K. STAFFORD**
**STATE BAR NO. 00791716**
**SYDNE K. COLLIER**
**STATE BAR NO. 24089017**

400 N. St. Paul St., Suite 1100
Dallas, Texas  75201
(214) 420-1029
(214) 206-9445 – FAX
pstafford@staffordbarrow.com
scollier@staffordbarrow.com

**ATTORNEY FOR PLAINTIFF**
**ROSENDO GONZALEZ**

## AFFIDAVIT OF ROSENDO GONZALEZ

STATE OF TEXAS        §
                                    §
COUNTY OF DALLAS    §

BEFORE ME, the undersigned authority, on this the 28ᵗʰ day of March, 2017 personally appeared ROSENDO GONZALEZ, known to me to be the person whose name is subscribed below, and after being duly sworn, stated upon her oath:

1.  My name is ROSENDO GONZALEZ.

2.  I am over 18 years of age, and I have never been convicted of a felony or a crime of moral turpitude in this state or any other state.

3.  I am authorized to make this statement and have personal knowledge of the fact stated herein.

4.  Each and every statement contained herein is true and correct, and I am fully competent to make this affidavit.

5.  Rosendo Gonzalez purchased an auto insurance policy # *G231-510-43T* (the "Policy") issued by State Farm ("State Farm").

6.  On February 26, 2016, a 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) (hereinafter, the "Truck") was stolen from 15201 Dallas Parkway, Addison, Texas 75001 (hereinafter, the "February Theft"). The February Theft was promptly reported to the Addison Police Department. (Report: 16-1016; Officer Gandy #245; 972-450-7156). The February Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43823G088), and one or more claims representatives, including Georgina Avila (972-907-6222; 855-341-8184; 855-259-8568) and Tony Cooks (253-439-4944; 800-331-1169).

7.  The Truck was eventually recovered, prior to March 11, 2016, and Rosendo Gonzalez reported the following property damage and loss, including but not limited to:

> *License Plate Off*
> *Fog Lights*
> *Brush Guard*
> *Winch*
> *Speakers inside*
> *Dash Broken*
> *Plastic under center*
> *Ignition Changed*
> *Wires cut under steering column*
> *Steering Column Changed*
> *Tools*
> *Jack 2 ton*
> *Lug nut wrench*
> *Manual for truck*
> *Jumper cables*
> *20" Rims and tires*     *(approximate value:   $2,100)*
> *took kit*               *(approximate value:   $200)*

8.  Based upon non-aftermarket parts, accessories, and property of like kind and quality for a comparable vehicle, the value of the lost or damaged property resulting from the February Theft at the time of the theft was approximately $7,500.

9.  On the evening of March 11, 2016 or early morning hours of March 12, 2016, the same 2003 Dodge Ram 2500 pickup truck (license plate #9CMZ12; VIN # 3D7KA28C13G819332) was stolen from 524 Fairview Drive, Richardson, Texas 75081 (hereinafter, the "March Theft"). The March Theft was reported to the Richardson Police Department. (Incident: 201600027121; Officer Fourrier #1212; Detective Scott Ulrick #1206; 972-744-4904). The March Theft was also promptly reported to Rosendo Gonzalez' auto insurer, State Farm, and was assigned a claim number (#43830X854), and one or more claims representatives, including Linda Caballero (855-341-8184) and Tony Cooks (253-439-4944; 800-331-1169 ext).

10. To date, the Truck has not been recovered following the March Theft. According to Richardson Police Department Detective Ulrick, Rosendo Gonzalez is not a suspect in the March Theft of the Truck.

11. Based upon vehicles of like kind and quality, and a comparison of comparable vehicle available for sale or purchase in the market, the estimated market value of the Truck at the time of the theft was approximately $19,000 (hereinafter, the "Market Value").

12. Based upon vehicles of like kind and quality, and a comparison of the cost to repair the Truck, or to replace the Truck with a comparable vehicle in the market, the estimated actual cash value of the Truck at the time of the theft was approximately $18,300 (hereinafter, the "Actual Cash Value").

13. Subsequent to the March Theft, State Farm issued the following checks as indemnity for the February Theft (hereinafter, the "February Theft Payments"), as follows:

| | |
|---|---|
| *Payment No:* | *1 08 146580 J* |
| *Payment Amount:* | *$ 1,609.83* |
| *Issue Date:* | *03-12-2016* |
| *Authorized by:* | *Georgina Avila* |
| *Phone:* | *(855) 341-8184* |

| | |
|---|---|
| *Payment No:* | *1 08 167720 J* |
| *Payment Amount:* | *$ 3,200.00* |
| *Issue Date:* | *03-28-2016* |
| *Authorized by:* | *Tony Cooks* |
| *Phone:* | *800-331-1169* |

14. The February Theft Payments offered by State Farm as compensation for the occurrence (February Theft) are a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than the value of the lost or damages property incurred by Rosendo Gonzalez. In addition, the February Theft Payments (issued March 12, 2016 and March 28, 2016) were not promptly paid to Rosendo Gonzalez and were not issued until after the date of the March Theft (March 11, 2016).

15. Regarding the March Theft, Rosendo Gonzalez received a letter from State Farm dated "April 18, 2016", stating, and offering the following amount in indemnity, as follows:

| | |
|---|---|
| *Actual Cash Value* | *$ 12,406.00* |
| *Plus: Taxes* | *$    775.38* |
| *License & Title Fees:* | *$      59.83* |
| *Registration Fee* | *$      24.50* |
| *Less: Deductible* | *$    100.00* |
| *Payment to Lienholder (if applicable) $ Unknown* | |

*Total Net Payable to You:*          *$ 13,141.21*

16.   The March Theft Payment offered by State Farm as compensation for the occurrence (March Theft) is a misrepresentation of the compensation and indemnity owed by State Farm to Rosendo Gonzalez, and is far less than both the Market Value of the Truck (approximately $19,000) as well as the Actual Cash Value (approximately $18,300) of the Truck.

17.   In addition, Rosendo Gonzalez incurred other necessary expenses as a result of the February Theft, including, but not limited to, the following:

*Car Rental  2/29/16 – 4/12/16:*          *$640.08*

18.   As of the date of the May 2016 Demand Letter from Rosendo Gonzalez to State Farm, State Farm did not promptly pay, has not promptly paid, and has not paid the full value of the compensation and indemnity owed to its policyholder Rosendo Gonzalez for the February Theft or for the March Theft.  State Farm owes Rosendo Gonzalez an amount to compensate and indemnify Rosendo Gonzalez for the lost or damaged property resulting from the February Theft (approximately $7,500) as well as the rental car expenses that resulted from the February Theft (at least $640.08), as well as the fair Market Value (approximately $19,000) or the accurate Actual Cash Value (approximately $18,300) resulting from the March Theft, for a total sum owing by State Farm to Rosendo Gonzalez of at least **$26,140.08**.

19.   The acts, omissions, and continued failure or refusal of State Farm, by and through its representatives, to issue proper payment constitutes, but is not limited to, negligence, fraud, fraud in the inducement, and breach of contract.  State Farm's acts, omissions, and representations were knowingly and intentionally false when made, were intended to deceive or to be relied upon by Rosendo Gonzalez, are deceptive to Rosendo Gonzalez as consumers of insurance services pursuant to the Texas Deceptive Trade Practices Act (Chapter 17, Texas Business and Commerce Code), are unfair and deceptive pursuant to the Chapter 541 of the Texas Insurance Code, and are a violation of the prompt payment statute pursuant to Chapter 542 of the Texas Insurance Code.  Accordingly, Rosendo Gonzalez is entitled to, and does now seek, punitive and treble damages from State Far **in the amount of $78,420.24 payable to**

**"Rosendo Gonzalez" and any applicable lienholder to the Truck**, in addition to pre-judgment interest, costs, attorney's fees, injunctive relief, and any and all additional relief to which he is justly entitled.

20.   Further, due to Defendant's acts and omissions, ROSENDO GONZALEZ has incurred reasonable and necessary legal expenses and costs associated with pursuing this action, for which Plaintiffs now sue.

21.   I have read the foregoing *Plaintiff's Original Petition and Application for Injunctive Relief*, and the facts set forth in it are true and correct and are within my personal knowledge.


FURTHER AFFIANT SAYETH NOT.



_____
ROSENDO GONZALEZ

SUBSCRIBED and SWORN to before me, the undersigned authority, on this the

28th day of March, 2017, to certify which witness my hand and seal of office.


_____
Notary Public in and for the State of Texas


JANICE SEYDEL
NOTARY PUBLIC-STATE OF TEXAS
COMM. EXP. 04-19-2020
NOTARY ID 128960971

**Tab 3**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:     STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
        BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
        211 EAST 7th STREET STE 620
        AUSTIN TX 78701-3218

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ROSENDO GONZALEZ**

Filed in said Court **28th day of March, 2017** against

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-03661,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 29th day of March, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Gay Lane_____, Deputy
        GAY LANE



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

---

**ESERVE**

**CITATION**

**DC-17-03661**

**ROSENDO GONZALEZ**
vs.
**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

ISSUED THIS
**29th day of March, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy
_____

**Attorney for Plaintiff**
PAUL K STAFFORD
STAFFORD BARROW PLLC
400 N ST PAUL STREET
SUITE 1100
DALLAS TX 75201
214-420-1029

# OFFICER'S RETURN

Case No. :  DC-17-03661

Court No.193rd District Court

Style: ROSENDO GONZALEZ

 vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**Tab 4**

FILED
DALLAS COUNTY
4/10/2017 10:09:09 AM
FELICIA PITRE
DISTRICT CLERK

Diemeary Dobbins

## CAUSE NO. DC-17-03661

| | | |
|---|---|---|
| ROSENDO GONZALEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 193RD DISTRICT COURT |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY TEXAS |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Corin Sparre** who, being by me duly sworn, deposed and said:

"The following came to hand on **Mar 30, 2017, 12:00 pm,**

#### CITATION, PLAINTIFF'S ORIGINAL PETITION,

and was executed at **211 EAST 7th STREET STE 620 , AUSTIN, TX 78701** within the county of Travis at **11:25 AM** on **Fri, Mar 31 2017**, by delivering a true copy to the within named

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** C/O CORPORATION SERVICE COMPANY AND ACCEPTED BY AUTHORIZED AGENT SUE VERTREES

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**Corin Sparre**
SCH 5625 Exp:09/30/2018

**BEFORE ME**, a Notary Public, on this day personally appeared **Corin Sparre**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON ___4-6-17___

Notary Public, State of Texas

ROBERT FRANCIS AIELLO
NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID 130928276-8
10/17/2020

**Tab 5**



DC-17-03661

| | |
|---|---|
| ROSENDO GONZALEZ | IN THE DISTRICT COURT |
| vs. | 193RD JUDICIAL DISTRICT |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | DALLAS COUNTY TEXAS |

## NOTICE OF INITIAL DISMISSAL HEARING

Counsel or Pro Se Plaintiff:

This case is set for a hearing on the Initial Dismissal Docket, as per Tex. R. Civ. P. 165a, for **THURSDAY, July 06, 2017,** at 1:30 p.m. in the 193rd District Court Courtroom.

1.  If no Defendant has been served as evidenced by no return of citation having been filed with the court on or before the Dismissal Hearing, the case is subject to being dismissed at the Dismissal Hearing;

2.  If service has been made on a Defendant, but no answer has been filed (and any such answer is past due before the Dismissal Hearing Date), you must obtain a default judgment on or before the Dismissal Hearing, or the case is subject to being dismissed at the Dismissal Hearing.  You are encouraged to submit requests for default by submission with affidavit.

3.  If service on at least one Defendant has been made and the citation has been returned to the Court before the Dismissal Hearing, but the time to file an answer has not yet expired, then the Dismissal Hearing is hereby reset for the Friday four weeks following the initial date of the Dismissal Hearing (*i.e.* the date listed above).  (If this Friday falls on a holiday, the Dismissal Hearing is reset to the next Friday that is not a holiday.)  No further dismissal notice will be sent, and you are expected to obtain a default judgment before the reset date of the Dismissal Hearing, or the case is subject to being dismissed.

4.  If an answer is filed on or before the Dismissal Hearing, the case will be referred to the Court Coordinator to be set for trial, if not already set.

SIGNED this April 13, 2017

*Carl Ginsberg*

_____
The Honorable Carl Ginsberg
193rd Judicial District Court

# Tab 6

FILED
DALLAS COUNTY
4/21/2017 12:48:14 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-01119-G   Document 1-3   Filed 04/27/17   Page 45 of 46   PageID 82

## CAUSE NO. DC-17-03661

| | | |
|---|---|---|
| ROSENDO GONZALEZ | § | IN THE DISTRICT COURT |
|     **Plaintiff,** | § | |
| **VS.** | § | |
| | § | **193rd JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | |
|     **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

### ORIGINAL ANSWER OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") and hereby files its Original Answer to Plaintiff's Original Petition, and for same would show the Court as follows:

I.

State Farm denies each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and demands strict proof thereof upon a trial of this cause before a jury.

### **JURY DEMAND**

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury. A jury fee will be paid.

WHEREFORE, Defendant, State Farm prays that Plaintiff take nothing from Defendant by this action and that Defendant be allowed all costs expended herein.

Respectfully submitted,

**THE LAW OFFICE OF ARMANDO DE DIEGO, P.C.**

By: ___/s/___ Armando De Diego _____
       ARMANDO DE DIEGO
       State Bar No. 05635400
       Email: adediego@dediego.com

       HARVEY G. JOSEPH
       State Bar No. 11027850
       Email: hjoseph@dediego.com

1201 W. Griffin Street
Dallas, Texas 75215-1030
Telephone:    (214) 426-1220
Facsimile:    (214) 426-1246

**ATTORNEYS FOR STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

    This is to certify that on the 21st day of April, 2017, a true and correct copy of the foregoing document has been personally served, as indicated below:

Mr. Paul K. Stafford           ___✔___ Via Electronic Service
Ms. Sydne K. Collier
**STAFFORD BARROW, PLLC**     _____ Via Certified Mail
400 N. St. Paul St., Suite 1100
Dallas, Texas 75201         _____ Via Facsimile

                                  _____ Via Regular Mail

    ___/s/___ Armando De Diego _____
    ARMANDO DE DIEGO

**ORIGINAL ANSWER OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** - Page 2